IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-cr-018** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **TYSON BAKER** | : | **Judge Sylvia H. Rambo** |

## O R D E R

    Before the court is the motion for emergency release to home confinement filed by Defendant Tyson Baker (Doc. 189) wherein Baker requests that the court order the Federal Bureau of Prisons ("BOP") to immediately release him to home confinement in light of the present pandemic caused by COVID-19, a highly contagious respiratory virus which poses unique concerns regarding transmission in an institutional setting. Although Baker's motion relies on an inapplicable provision of the Bail Reform Act, 18 U.S.C. § 3145(c), the court will construe the motion as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

    In the motion, Baker claims to suffer from high blood pressure and autoimmune disease, which—coupled with his good conduct while incarcerated—warrant the court altering his sentence to place him immediately in home confinement. The government opposes the motion, citing Baker's failure to exhaust his administrative remedies. (Doc. 191.)

Indeed, Baker failed to comply with § 3582(c)(1)(A)'s exhaustion requirement providing the BOP with thirty days to consider Baker's request to move for compassionate release on his behalf, nor has Baker administratively exhausted any adverse decision by the BOP. *See United States v. Raia*, ___ F.3d ___ (No. 20-1033)(3d Cir. April 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the exhaustion requirement will be speedily dispatched in cases like this one.")

Accordingly, **IT IS HEREBY ORDERED** that the motion is **DENIED**. Baker must first present any request for compassionate release to the warden of the institution where he is confined, and he may thereafter petition this court for relief under the timetable set forth in § 603(b) of the First Step Act.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: April 7, 2020